IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DEMARIO D. WALKER  #L1625                                                                    PLAINTIFF

versus                                                                    CIVIL ACTION NO. 2:03cv598-KS-MTP

MARION COUNTY, MS, *et al.*                                                              DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply with certain orders of the court.  The plaintiff , an inmate in the custody of the Mississippi Department of Corrections, filed his complaint pursuant to 42 U.S.C. § 1983 in December of 2003 and is proceeding *pro se* and *in forma pauperis*.  Having considered the complaint along with documents made a part of the record of this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

By way of Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash,* 370 U.S.  at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

The plaintiff–incarcerated or not–has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

obligation to notify the clerk of court of address changes." Uniform Local Rule 11.1; *see also Wade v. Farmers Ins. Group,* 45 Fed. Appx. 323, at *1 & n.12 (5th Cir. 2002)(on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Ainsworth v. Payne,* 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

Although Plaintiff Walker was warned numerous times that his failure to advise the court of a change in his address could result in dismissal,[2] on two occasions copies of orders mailed to him by the clerk's office were returned by the postal service as undeliverable, the last on August 11, 2006.[3] Not only has the plaintiff failed to timely inform the clerk of his address changes, he has not inquired as to the status of his case [4] or otherwise communicated with the court since the omnibus hearing held on April 13, 2005. From this it appears that the plaintiff has lost interest in proceeding with this action and has abandoned it. Accordingly, this case may properly be dismissed under rule 41(b).[5] *Hejl v. State of Texas,* 664 F.2d 1273, 1274-75 (5th Cir. 1982)

---

[2] Orders [4], [5], [13] , [14], [21] and [27].

[3] Docket entries [36] and [39].

[4] *See id.* ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.").

[5] Walker was warned by each of the orders noted above that his failure to advise the court of a change of address would be "deemed a purposeful delay and contumacious act" that could result in dismissal of the case.

2

(affirming dismissal with prejudice in the "face of a clear record of delay"); *see also Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker,* 56 F.3d 1386 (5th Cir. 1995) (affirming dismissal under "circumstances evincing delay or contumacious conduct").

## RECOMMENDATION

As the plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 22nd day of November, 2006.

s/ Michael T. Parker
United States Magistrate Judge